23CA2042 Peo v Weston 03-26-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2042
Adams County District Court No. 21CR446
Honorable Courtney Lee Dinnel, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Morgan Cory Weston,

Defendant-Appellant.

---

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE SCHOCK
Grove and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

---

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Patrick R. Henson, Alternate Defense Counsel, Andrew Gargano, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Morgan Cory Weston, appeals the district court's order denying her Crim. P. 35(c) motion to vacate the restitution order. She argues that (1) her sentence is illegal because the court did not, at sentencing, enter one of the four required restitution orders set forth in section 18-1.3-603(1), C.R.S. 2025; and (2) alternatively, she was entitled to a hearing on her claim of ineffective assistance of counsel in connection with restitution.

¶ 2    Because we agree with Weston's first contention, we vacate the restitution order and remand the case to the district court to enter an order that no restitution is owed. We therefore do not address Weston's restitution-based claim of ineffective assistance of counsel.

## I.    Background

¶ 3    Weston was charged with several counts after leading police on a high-speed chase in a stolen vehicle that ended when she crashed into a parked police vehicle. She pleaded guilty to one count of vehicular eluding and one count of obstructing a police officer and stipulated to a sentence of three years of probation, fifty-eight days in jail, and a one-year suspended prison sentence.

¶ 4    The plea agreement included the following provision on restitution:

I agree to pay any Court-ordered restitution. The restitution amount I must pay is (RESERVED). I agree that I must pay restitution as it is defined in this agreement. Restitution is any pecuniary loss resulting from the conduct alleged in all of the counts in this case, including any conduct related to charges that are dismissed as part of the plea bargain in this case. I understand that restitution means any pecuniary loss suffered by any victim, as "victim" is defined in [section] 18-1.3-602[, C.R.S. 2025], and it includes but is not limited to all out-of-pocket expenses, interest, loss of use of money, anticipated future expenses, rewards paid by victims, money advanced by law enforcement agencies, adjustment expenses, and other losses or injuries proximately cause by my conduct and that can be reasonably calculated and recompensed in money, pursuant to C.R.S. 18-1.3-602(3). Further, I understand and agree that the restitution amount will not be limited by the classification or monetary amount of the charge I am pleading guilty to. I understand and agree that restitution may be more than the amount indicated in the charge or classification of the charge.

¶ 5    The district court held a combined plea and sentencing hearing in this case and two others. As relevant to this case, the court accepted Weston's pleas and confirmed that she had read and

understood the plea agreement. But the court made no mention of restitution in connection with this case.[1] Nor did the prosecution.

¶ 6 The court then proceeded to sentencing. Consistent with the parties' stipulation, the court sentenced Weston to three years of probation, fifty-eight days in jail (with credit for time served), and one year in prison suspended. Again, neither the prosecution nor the court mentioned restitution. And the probation order left blank the line for payment of restitution as a condition of supervision.

¶ 7 Six weeks later, the prosecution filed a motion for restitution, requesting $25,923.21: $2,523.21 for losses to the owner of the vehicle Weston stole and $23,400 for damage to the police vehicle she hit. Weston did not object or request a hearing, and the district court ordered her to pay restitution in the requested amount.

¶ 8 Several months later, at a probation revocation hearing, Weston's counsel told the court that Weston had not been advised of the restitution order. She asserted that plea counsel's failure to advise Weston regarding restitution or object to the restitution request was ineffective assistance of counsel, and she requested the

---

[1] In addressing the possible penalties in one of the other cases, the district court stated that "[r]estitution will be reserved for 91 days."

appointment of new counsel to represent Weston with respect to a potential Crim. P. 35(c) motion. The court granted the request.

¶ 9 Weston then filed a Crim. P. 35(c) motion, asking the court to set aside the restitution order and grant her a restitution hearing based on ineffective assistance of counsel. She alleged that her counsel had provided ineffective assistance by failing to notify her of the motion for restitution, file an objection, or request an evidentiary hearing. She also alleged that, as a result of her counsel's ineffective assistance, she "was never given the opportunity to exercise her right to challenge the restitution requested." The district court denied the motion without a hearing.

## II. Illegal Sentence

¶ 10 For the first time on appeal, Weston contends that her sentence was illegal because it did not include one of the four restitution orders required by section 18-1.3-603(1). Although she did not raise this argument in her postconviction motion, "there is no preservation requirement" for an illegal sentence claim because such a sentence may be corrected at any time. *Snow v. People*, 2025 CO 32, ¶¶ 14, 24. We therefore consider this issue de novo, *id.* at ¶ 19, and agree with Weston that her sentence was illegal.

4

¶ 11     Every judgment of conviction must contain one of four orders regarding restitution: (1) an order setting a specific amount of restitution; (2) an order requiring restitution but reserving determination of the amount; (3) an order requiring the defendant to pay restitution covering the actual costs of specific future treatment of a victim; or (4) an order that no restitution is required. § 18-1.3-603(1)(a)-(d); *Snow*, ¶ 20; *People v. Weeks*, 2021 CO 75, ¶ 3.  A sentence that does not include one or more of these four enumerated restitution orders is an illegal sentence.  *Snow*, ¶ 21.

¶ 12     In *Snow*, the supreme court concluded that the district court had entered an illegal sentence when it said at sentencing that it "reserve[d] restitution for [sixty] days."  *Id.* at ¶¶ 7, 23.  At the sentencing hearing, the prosecution did not "request restitution or give any indication that it intended to seek restitution"; it asked only that the court "reserve restitution at this point in time" — a request the district court granted.  *Id.* at ¶ 7.  The supreme court held that such an order — which it characterized as "the mere reservation of the issue of restitution in its entirety" — violated section 18-1.3-603(1), making the sentence illegal.  *Id.* at ¶ 22.

¶ 13    In this case, the district court did not even say it was reserving the issue of restitution; it did not mention restitution at all.  Nor did the prosecution ever mention restitution at sentencing.  Thus, like in *Snow*, "the district court failed to enter at least one of the four restitution orders authorized by [section 18-1.3-603(1)]."  *Id.* at ¶ 23.  And like in *Snow*, Weston "received an illegal sentence."  *Id.*

¶ 14    The only arguable distinction between this case and *Snow* is that the plea agreement in this case did address restitution.  *See id.* at ¶ 6 (noting that the plea agreement did not mention restitution).  That agreement provided that Weston agreed to pay "any Court-ordered restitution" and that the restitution amount was "RESERVED."  It also generally described the categories of losses for which restitution can be imposed.  The People contend that, by accepting Weston's guilty plea, the court implicitly entered an order that Weston was "obligated to pay restitution."  § 18-1.3-603(1)(b); *see also Tennyson v. People*, 2025 CO 31, ¶ 45 (holding that district court entered valid restitution order at sentencing where it "implicitly found [the defendant] generally liable for restitution").

¶ 15    We disagree.  The plea agreement said only that Weston would pay *any* court-ordered restitution — that is, *if* the court ordered

6

restitution, Weston would pay it.  But the problem, as in *Snow*, is that the court never ordered any.  *See People v. Mazzarelli*, 2019 CO 71, ¶¶ 20-21 (holding that district court's acceptance of guilty plea does not bind court to sentencing agreements in plea agreement).

¶ 16    Nor did the plea agreement provide that Weston was, or would be, liable for restitution.  Rather, it did little more than recite the legal definition of restitution and other applicable law.  Thus, even if a district court's acceptance of a plea agreement assigning liability for restitution could constitute a valid restitution order under section 18-1.3-603(1)(b), that did not happen here.  That leaves us in the same place as the supreme court in *Snow* — with a record that is "barren of an explicit or implicit finding of restitution liability either before or during the sentencing hearing."  *Snow*, ¶ 29.

¶ 17    The People liken the plea agreement in this case to the plea agreement in *Tennyson*, in which the supreme court concluded there *was* a valid restitution order.  *See Tennyson*, ¶ 41.  In *Tennyson*, the defendant stipulated in the plea agreement "that there was restitution and that he was liable for it."  *Id.* at ¶ 9.  And the prosecution agreed to provide information establishing the amount of restitution within ninety days of sentencing.  *Id.*

¶ 18    But unlike *Tennyson*, Weston did not stipulate that "there was restitution and that [she] was liable for it." *Id.*  Nor did the prosecution make any representation that it would provide information regarding the restitution amount.  *Id.*  Instead, Weston simply agreed to comply with any court order and applicable law.

¶ 19    Moreover, in *Tennyson*, the plea agreement was not all there was.  The prosecution "specifically asked for restitution" at sentencing, and the district court gave it ninety days to determine "not whether there would be restitution, but rather '*what restitution is due and owing.*'"  *Id.* at ¶ 10.  The supreme court inferred from the terms of the plea agreement *and this exchange at the sentencing hearing* that the district court had "found [the defendant] liable for restitution but deferred until after sentencing" only the amount.  *Id.*

¶ 20    In contrast, the *only* reference to restitution in this case was in the plea agreement.  The district court itself did not say anything about restitution from which we could infer an order that Weston was obligated to pay it.  Section 18-1.3-603(1)(b) requires a district court order, not simply the defendant's stipulation.  *See Snow*,

¶ 21; *see also People v. Rockwell,* 125 P.3d 410, 414 (Colo. 2005) (explaining that an illegal sentence claim cannot be waived).[2]

¶ 21　　Thus, because the district court did not enter an order at sentencing that Weston was obligated to pay restitution (or any of the other orders in section 18-1.3-603(1)), Weston's sentence was illegal. *See Snow,* ¶ 23. We therefore do not address Weston's argument that her sentence was also illegal under section 18-1.3-603(2)(a) because the prosecution did not move for restitution or present available restitution information at or before sentencing.

### III. Remedy for an Illegal Sentence

¶ 22　　When the district court fails to enter one of the four enumerated restitution orders in section 18-1.3-603(1)(b) at sentencing and later enters a post-sentencing restitution order, "the

---

[2] The People also cite *Johnson v. People,* 2025 CO 29, and *People v. Roberson,* 2025 CO 30, for the proposition that a restitution order may be inferred from a plea agreement. Setting aside that the existence of a restitution order was not at issue in either case, both cases involved orders expressly requiring the defendant to pay restitution. *See Johnson,* ¶ 8 (noting district court's finding that the defendant "would be obligated to pay restitution"); *Roberson,* ¶ 4 ("[D]uring the sentencing hearing . . . the district court stated that it would 'order restitution, reserving the amount . . . .'").

sole remedy . . . is vacatur of the untimely restitution order and entry of an order . . . that there is no restitution owed." *Snow*, ¶ 38.

¶ 23 That is the proper remedy in this case. Because the district court did not enter a restitution order at sentencing, its post-sentencing restitution order was "necessarily untimely." *Id.* at ¶ 34. We therefore vacate the restitution order and remand the case to the district court to enter an order that no restitution is owed.

### IV. Ineffective Assistance of Counsel Claim

¶ 24 The only remedy Weston sought by her ineffective assistance of counsel claim was the vacatur of the restitution order. And on appeal, she asks us to *either* vacate the restitution order and direct the entry of an order that no restitution is due *or* remand the case for an evidentiary hearing on her ineffective assistance claim. Thus, because we vacate the restitution order based on Weston's illegal sentence claim, we need not address her argument that her counsel provided ineffective assistance in connection with restitution.

### V. Disposition

¶ 25 The restitution order is vacated, and the case is remanded for entry of an order that no restitution is owed.

JUDGE GROVE and JUDGE YUN concur.